## Gist *against* Wilson.

A creditor having two judgments, issued a *fieri facias* upon one of them and levied the defendant's real estate ; upon which an inquisition was held and it was extended : held, that this proceeding did not preclude him from having an execution upon the other judgment, and a levy and inquisition upon the same land, although both judgments had been exhibited to the jury on the first inquisition.

It is erroneous to issue a *fieri facias* upon a judgment on a *scire facias*, when a *fieri facias* had issued upon the original judgment, which had been levied on real estate. The proper mode is to proceed to hold an inquisition on the first *fieri facias*.

ERROR to the common pleas of *Juniata* county.

The following facts appeared in the case of a *scire facias* to revive a judgment.

By confession, a judgment, George Wilson *v*. Matthias Gist and Henry Groce, was entered on the 18th day of April 1821, for 1000 dollars. A judgment in favour of George Wilson *v*. Matthias Gist and Henry Groce was obtained on the 12th day of October 1820, for the sum of 1944 dollars and 42 cents, in the common pleas of Mifflin county, No. 135 of April term 1820. On this last mentioned judgment an inquisition was held, and the real estate of Matthias Gist was extended. Before the jury of inquest, the sheriff laid a certified list of judgments against the defendants, which contained, among others, the original judgment upon which this *scire facias* was issued, and upon which a *fieri facias* at another time had issued, and been levied on the same land, but no inquisition held.

1. Whether on the facts stated the judgment can be fully reviewed and judgment rendered thereon.

2. Whether after its revival and judgment rendered thereon, the plaintiff will be authorised to cause a *fieri facias* to be issued, and proceed to the collection of the money, for which judgment may be rendered, from the defendants; or, whether the circumstance of this judgment being in the list laid before the jury of inquest, held on the *fieri facias* issued on the judgment No. 135 of April term 1820, precludes the plaintiff from proceeding by *fieri facias* to the collection of the debt due on the judgment of revival rendered on this *scire facias*.

The court below entered a judgment for the plaintiff, with leave to take out a new *fieri facias*, upon paying the costs of the writ and levy, or to proceed on the former levy, by holding an inquisition.

[Gist v. Wilson.]

*A. S. Wilson* and *Greenough,* for plaintiff in error.
*Potter,* for defendant in error.

Per Curiam.—The plaintiff had two judgments against the defendants, with a levy of the land, extent, and *liberari,* not executed, on the older, both having been laid before the inquest as reprises. Why it should be thought the plaintiff cannot have separate execution of the younger, it is not easy to discover. There was no award that the land should be delivered on it, nor could there be ; and the fact that it was laid before the inquest, cannot affect its properties more than it could the judgment of a third person. According to the case stated, the plaintiff is clearly entitled to have the lien revived; but as it seems, from the opinion of the court which is agreed to be part of the case, that there is an outstanding *fieri facias* issued on this younger judgment, and levied on the land, the award of another execution cannot be had till it is put out of the way by an order to quash, should the plaintiff think it his interest to move it. He will perhaps find it his interest not to do so, as the way is open for him to proceed on the execution already levied.

Judgment to revive the lien affirmed, but the award of execution reversed.