## Meason's Estate.

Interest may be calculated anew on a judgment of revival, under the act of 1798. The statutory judgment is effectively an award of execution; which, by our practice, is equivalent to a judgment *quod recuperet.*

APPEAL from the decree of the common pleas of *Fayette* county.

The question reserved in this case at the preceding term, whether interest may be calculated anew on a judgment of revival, under the act of 1798, (see the report 4 *Watts* 347,) having come on for argument, was now spoken to by *Austin* and *Ewing* in the affirmative, who relied on Fries *v.* Watson, 5 *Serg. & Rawle* 220, and Berryhill *v.* Wells, 5 *Binn.* 60; and by *Dawson* in the negative.

PER CURIAM.—By our practice, judgment on the *scire facias post annum et diem*, is *quod recuperet*, and bears interest; but it is supposed that a judgment of revival, in the words of our statute, "during another period of five years," is otherwise. We consider the point as having been effectively, though informally, settled by Fries *v.* Watson. It does not appear in the report of that case, what was the form of the writ, but it was probably the old *scire facias*, under the statute of Westm. 2, as many years elapsed before the profession became familiar in practice with the writ directed by the act of 1798. Yet, the old writ was doubtless intended to do its office, since our brother Huston, who argued for the defendant, put the cause expressly on the restricted nature of the statutory judgment, and the court made no distinction. But it would not follow that it is not also a judgment of recovery. Where the defendant, or the terre-tenant, pleads payment, there must be a verdict for the debt, or the residue of it, actually due; and the judgment on it, if not formally *quod recuperet*, at least judicially determines the amount, which is all that is necessary to bring it within the purview of the act of 1700. Would not such a judgment, without more, entitle the plaintiff to execution after the year and a day? To burthen the defendant with the costs of a *scire facias* in addition, would seem to be unnecessary and oppressive. If so, the statutory judgment is effectively an award of execution, which, by our practice, is equivalent to a judgment of recovery, and decisive of the question.

Decreed accordingly.