## ¦ Mohn *against* Hiester.

A plaintiff in a judgment upon a mortgage, is entitled to have out of the proceeds of the sale of the mortgaged premises, the amount of his debt, with interest to the time of judgment, and with interest upon the aggregate to the time of the sale and confirmation; although the writ of *levari facias* upon which the premises were sold recited only the amount of the debt with interest from the time it was due. Such an error in the writ, is clearly amendable.

APPEAL from the decree of the common pleas of *Berks* county, in the case of the appropriation of the proceeds of the sale of the real estate of John Mohn.

Joseph Hiester, Esq. obtained a judgment upon a *scire facias* on a mortgage against John Mohn for default of appearance, on the 16th of January 1830. A *levari facias* and *alias levari facias* were issued upon this judgment, each of which recited the debt to be 2930 dollars, with interest from the 10th of October 1837. The land was sold in 1837. The question in the court below was, whether the plaintiff was entitled to take out of court the amount of his debt secured by the mortgage, with interest to the date of his judgment, and with interest upon that aggregate to the time of sale and confirmation. The court below (Banks, president) was of opinion that he was thus entitled, and decreed accordingly.

*Dunn*, for appellant, cited 3 *Wendel* 331; 4 *Watts* 341.

*Hilbert*, contra, cited 5 *Watts* 315.

PER CURIAM.—It is not pretended that a judgment on a mortgage has not, like any other, the property of turning interest into principal; nor could it be, consistently with the decision in the case of Mason's Estate, 5 *Watts* 464. What, then, is there peculiar in the present? Nothing but that the *levari facias* calls for less interest than is actually due. It would be sufficient to say, that the judgment being in contemplation of law for the penalty, the execution ought to have called for the penalty also, and that the court would, if necessary, insert it; an amendment that would disqualify the defendant from insisting on slips, and entitle him to relief only on paying the last farthing. But independent of this, the direct power of amendment is adequate to the correction of even greater slips. It is unnecessary to point to the cases where it has been done, as they are recent; but they show great latitude of power, particularly in setting the forms of writs in order, and repairing the blunders of the clerks. In the present deplorable state of our records, ordinary justice could not be done without it. The plaintiffs, therefore, were properly allowed to take the contested money out of court.

Order affirmed.