JOHN T. HODGES
vs.
VACHAEL SEVIER AND WIFE. } MARCH TERM, 1847.

[JUDGMENT LIEN—PRACTICE IN CHANCERY.]

WHERE three years have elapsed after the rendition of a judgment, and no *fiat* has been entered upon the *scire facias*, the judgment must be presumed to be satisfied, or at least not in a condition to be enforced at law.

Where mortgaged property has been sold under a decree of this court, and a judgment has been rendered against the mortgagor, prior to the mortgage, which had become dormant by lapse of time, and no *fiat* had been entered upon the *scire facias* to revive it, the judgment creditor cannot, in such condition of his judgment, contest with the mortgagee, in this court, the application of the proceeds of the sale of the mortgaged premises.

[The facts of this case are fully stated in the following opinion of the Chancellor.]

THE CHANCELLOR:

On the 13th of November, 1844, the complainant filed his bill for the sale of certain premises which had been mortgaged to him by Sevier and wife, by deed bearing date on the 17th of May, 1843, to secure the payment of the sum of $4000, due Hodges, for moneys advanced by him to Sevier, to pay a debt to one Mackubin, contracted for the purchase money for a tract of land called "Griffith's Land Resurveyed," purchased by Sevier from Mackubin. The mortgaged premises consisted of this tract and also of two houses and lots in the city of Annapolis.

It appears by an amended bill filed on the 16th of September, 1846, that Sevier, after the date of the mortgage, conveyed his equity of redemption to one Gabriel H. Duvall as his insolvent trustee, the amendment being made for the purpose of charging this fact and making the trustee a party.

Sevier and his wife, and Duvall, admitted the facts charged and consented to a decree which passed accordingly, on the 18th of January last, appointing a trustee in common form to make the sale. The trustee reported his sale on the 19th of February following, amounting to $4697, upon which the usual order of ratification, *nisi*, has been passed, the case not having yet been submitted for the final ratification of the sale.

In this state of the proceedings, Joseph J. Speed and Josias Pennington, by their petition, filed on the 29th of April, stated and showed themselves by the production of a short copy, to be judgment creditors of said Sevier, upon a judgment rendered in the Anne Arundel County Court, at October term, 1840, for $300 and costs, upon which an execution had issued to April term, 1841, and according to the return of the sheriff, partially satisfied, and "*nulla bona*" returned as to the residue. It further appeared, that the plaintiffs in said judgment, had caused a *scire facias* to be issued upon it to October term, 1845, to which, at that term, the defendant, Sevier, appeared, and that

case now remains open upon the docket, no *fiat* having been entered.

The petitioners insist that their said judgment is a lien on the money produced by the sale of the trustee, and entitled to be paid in preference to the mortgage, and they, therefore, pray that the trustee may be compelled to bring the money into court that it may be so applied. In addition to this relief, the petitioners prayed that the sheriff's return, that he had made a part of the debt, might be corrected, upon the allegation that said return was false.

The matter of this petition was ordered to stand for hearing on notice to the complainant, Hodges, and having been argued by the solicitors in writing, is now to be decided.

The original judgment, it will be perceived, bears date prior to the mortgage, and upon this ground the preference claimed for it is insisted upon, and authorities are cited to show that in a proceeding like the present, the proceeds of property sold under the authority of this court will be applied to the payment of liens in the order in which they were created. The Chancellor does not deem it necessary to state what his opinion would be, if the judgment in question had actually been revived in the court in which it was rendered. In the case of *Coombs* vs. *Jordan*, 3 *Bland*, 324, the late Chancellor decided that a judgment revived by *scire facias* after the time allowed for suing out execution only operates prospectively, and not with any retrospective effect, so as to overreach intermediate incumbrances or alienations, though as between the parties to the judgment, it may operate as a lien from its date. The same question came before the Court of Appeals in *Murphy* vs. *Cord*, 12 *G. & J.*, 182, and though no opinion was delivered, it is inferrible from the judgment rendered by the court, that the doctrine of the Chancellor, in *Coombs and Jordan*, would not receive the sanction of the appellate tribunal.

But in the present case, the petitioners have not obtained *a fiat* upon their judgment, and it does not become this court to say whether they will be able to do so or not. It is manifest that standing upon their judgment of 1840 they are precluded from insisting upon their lien or proceeding to enforce payment

in any way, because the presumption from lapse of time is, that the judgment has been executed or satisfied. In the case of *Mullikin* vs. *Duvall*, 7 *Gill & Johns.*, 358, the Court of Appeals say, that a suspension of final process on a judgment for three years, in this state, renders a *scire facias* necessary before further process can be obtained upon it. And on the next page, it is said, "after the year and a day (in England) the law presumes the judgment to be executed, or satisfied, and, therefore, it is that the plaintiff is put to his *scire facias* to revive the judgment, to which the defendant may appear and plead in the same manner as to an action founded on an original writ."

The judgment of these petitioners, then, as it now stands, must be presumed to be satisfied, or at all events, is not in a condition to be enforced at law, and, therefore, it is not perceived upon what principle they can in this court contest with the complainant the question of the proper application of the money arising from the sale of the mortgaged premises in this case. It is not for this court to say, whether the judgment will or will not ever be revived, and if by an order of this court the proceeds of the property sold by the trustee, should be applied to its payment, and the County Court should hereafter, in the case growing out of the *scire facias*, give judgment for the defendant, Sevier, a very great wrong would be done. It is the opinion of the Chancellor, that waiving the other questions, drawn into discussion by the counsel on either side, a sufficient reason has been given for refusing the prayer of the petition, which must consequently be dismissed.

—

*Note by Reporter.*—The subsequent proceedings in this case, are reported in the case of *Duvall* vs. *Speed*, 1 *Md. Ch. Decisions*, 229. Though no opinion was filed in the case of *Murphy* vs. *Cord*, 12 *Gill & Johns.*, 182, referred to by the Chancellor, in the above opinion, yet when that case was cited in the argument of the case of *Doub* vs. *Barns et al*, 4 *Gill*, 11, *Judge Chambers* said, it was the decision of the Court of Appeals in that case, and if an opinion had been filed would have been expressed.

32*

"1. That the lien of the judgment was not lost with the right to issue an immediate execution as had been announced by the Chancellor, in 3 *Bland*, 298, and the lien remained for twelve years.

"2. That when the debtor alienated lands, subject to the lien of a judgment, before the right to issue an immediate execution was suspended, that is, within three years from the date of the judgment a *scire facias* was unnecessary to affect the terre-tenants.

"3. But where a *scire facias* was necessary to revive the judgment, whether by death or lapse of years, it was necessary against all the terre-tenants, whose lands were to be affected by the judgment."

These propositions were assented to by all the judges present at the argument of the case of *Doub* vs. *Barns*, consisting of *Archer*, *C. J.*, *Dorsey*, *Chambers*, *Spence* and *Magruder*, *J.*

A. RANDALL, for Complainants.
JAMES STEELE, for the Petitioners.