## Stewart *versus* Peterson's Executors.

1. An action of debt or scire facias may be brought on a judgment after an execution issued.

2. It is not a valid objection to an action on a judgment, that at the time of its commencement the plaintiff could have proceeded by execution.

3. The same rule applies to scire facias, which, in Pennsylvania, has taken the place of debt on judgment.

4. Scire facias in this state has all the qualities and incidents of an action: the judgment is "*quod recuperet*," not merely an award of execution.

5. A scire facias on a judgment is necessary to secure a new or continue the old lien upon land of the debtor.

6. A fi. fa. was issued on a judgment, to which there was no return. *Held* to be no objection to proceeding by scire facias.

7. A scire facias may be maintained against a plaintiff by a defendant who has recovered judgment for costs.

8. The Statute of Limitations does not apply to actions of debt or scire facias on judgments.

November 12th 1869.	Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county :* No. 122, to October and November Term 1869.

This was a scire facias issued, May 4th 1869, by William Peterson and another, executors, &c., of H. H. Peterson, deceased, against William H. Stewart.

W. H. Stewart, in 1851, brought a suit against the executors of H. H. Peterson, deceased, in which the defendants recovered a verdict; judgment was entered on the verdict January 4th 1856. On the 10th of June the defendants' costs were taxed at $135.73. On the 30th of October 1856 a fi. fa. for costs was issued, to this there has been no return. No further proceedings were had in the case until the issuing of this scire facias.

On the 14th of June Stewart filed an affidavit of defence, " that the time elapsed since the first judgment was had in this case, is,

[Stewart v. Peterson's Executors.]

by operation of the Statute of Limitations, conclusive, the costs in any case being but an incident of the judgment, and which incident arises merely by implication creating an implied promise legally to pay, and is a subject upon which the Statute of Limitations will fully operate, and which will and does give the defendant a full and legal defence, who hereby denies, by his agent, any right existing in the plaintiffs to have a judgment in this case merely for the purpose of collecting costs, and for this that the parties for whom the costs are coming, and due and owing, either are not living or are themselves cut out by the Statute of Limitations, and cannot collect the costs themselves, and consequently the plaintiffs should not be allowed to do that which their principals cannot do."

On the 25th of June the court entered judgment against Stewart for want of a sufficient affidavit of defence.

This was the error assigned on the removal of the case to the Supreme Court.

*J. R. Large*, for plaintiff in error, cited Stat. 23 Henry VIII., cap. XV.; Roberts' Dig. 121; 6 Edw. I., cap. I.; Id. 107.

*R. & S. Wood*, for defendants in error.

The opinion of the court was delivered, January 3d 1870, by

SHARSWOOD, J.—At common law where a party had recovered a judgment in a personal action, and suffered a year and a day to elapse without taking out execution, he was driven in order to reap the fruits of it to a new action of debt upon the judgment. The Statute of Westminster 2, 13 Edw. 1, St. 1, c. 45, first gave a writ of scire facias in such a case, as was the law previously in real actions: 6 Bacon's Abr. tit. "Scire Facias", C.; Roberts Dig. 240. The right to resort to the former action still remained, and it seems to be the settled doctrine that it might be maintained as well within the year as afterwards; so that even though the party might issue execution, he could still sue an original in debt. It is laid down in the Year Book, 43 Edw. 3, 2, 6, that "if one recover upon a statute merchant, the statute gives an execution by capias and also against the land, notwithstanding he can have a writ of debt." This authority is relied upon as establishing the point by the most respectable of our standard writers: Com. Dig. "Debt," A. 2; 2 Bacon's Abr. tit. "Debt," A.; Wheaton's Selwyn 616, 7th Amer. Ed. The weight of the American cases is the same way: Clark v. Goodwin, 14 Mass. 237; Hale v. Angel, 20 Johns. 342; Church v. Cole, 1 Hill 645; Denison v. Williams, 4 Conn. 402. It is not a valid objection to the action that at the time it was commenced, the plaintiff could have proceeded by execution upon the original judgment: Headley v. Roby, 6 Ohio 523; Kings-

land *v.* Forest, 19 Alabama 519; White River Bank *v.* Downess, 29 Vermont 332; Greathouse *v.* Smith, 3 Scam. 541; Davison *v.* Nebaker, 21 Indiana 334.   The reason for this was that at common law the plaintiff could have execution only for the amount of the judgment without interest.   In order to recover that he must resort to a new action.   Hence our Act of 1700 (1 Smith's Laws 7) provided that "lawful interest shall be allowed to the creditor for the sum or value he obtained judgment for, from the time the said judgment was obtained till the time of sale or till satisfaction be made."   There exists no reason why the same rule, which as we have seen obtains in actions of debt on the judgment, should not apply to proceedings by scire facias, which have so completely and so properly taken their place in this state.   Indeed a scire facias on a judgment has with us all the qualities and incidents of an action.   The judgment in it is *quod recuperet*, not as elsewhere merely an award of execution: Shaeffer *v.* Child, 7 Watts 84.   It bears interest on the whole amount recovered including interest on the original judgment, while in England on the contrary in a scire facias no damages are recoverable and of course no interest: Berryhill *v.* Wells, 5 Binn. 56; Meason's Estate, 5 Watts 464. And though the reason for bringing a new action instead of taking out an execution, that in that way only can interest be recovered, does not exist in Pennsylvania, yet there may be another and equally good reason for it here, which is that it is necessary to secure a new or continue the old lien upon the land of the debtor: Clippinger *v.* Miller, 1 Penna. Rep. 64.   The Act of Assembly of March 26th 1827, sect. 3 (Pamph. L. 130), explicitly declares that "no order or rule of court or any other process or proceeding thereof shall have the effect of obviating the necessity of a revival by scire facias to continue the lien of a judgment, and specifies particularly in the first section "an execution issued within a year and a day from the rendering of such judgment:" Styer's Appeal, 9 Harris 86. ⸗ The record before us exhibits a scire facias *post annum et diem*, to revive and continue the lien of a judgment, and if the plaintiff below had a valid and subsisting judgment against the defendant he had a right to prosecute such writ in order to obtain a new judgment, which would attach as a lien to the defendant's lands, even though he might have been entitled to an alias fieri facias, grounded upon the fieri facias, which appears to have been issued.   The want of a return to that writ formed no objection to his proceeding.   Had the money been made under it, or, for any other reason, the debt paid or discharged in whole or in part, it would certainly have been a defence.   But nothing of the kind is alleged.   In Gist *v.* Wilson, 2 Watts 30, which is a case indeed in point, there had been a fieri facias and a levy upon land, but no inquisition. The court said: "According to the case stated, the plaintiff is

[Stewart v. Peterson's Executors.]

clearly entitled to have the lien revived; but as it appears that there is an outstanding fi. fa. issued on this judgment and levied on the land, the award of another execution cannot be had, till it is put out of the way by an order to quash, should the plaintiff think it his interest to move it."

It remains to consider whether the plaintiff below had such a judgment, as could be revived by scire facias. There had been a verdict for him as defendant in that suit, which undoubtedly carried costs. These costs were regularly taxed and assessed under the order of the court, and their amount ascertained. At common law neither plaintiff nor defendant recovered any costs. They were allowed to the plaintiff by the Statute of Gloucester, 6 Edw. 1, c. 1 (Roberts' Dig. 107), but the defendant had no costs until 23 Hen. 8, two hundred and fifty-three years afterwards, when by statute it was provided that upon the plaintiff's being nonsuited or a verdict passing against him, in certain actions therein enumerated " the defendant or defendants in every such action, bill or plaint shall have judgment to recover his costs against every such plaintiff or plaintiffs, and that to be assessed and taxed by the discretion of the judge or judges of the court where any such action, bill or plaint shall be commenced, sued or taken :" (Roberts' Dig. 121) ; and subsequently the statute 4 James 1, c. 3, reciting that this law had been found to be very good and beneficial for the commonwealth and thereby "many have been discouraged from bringing frivolous and unjust suits, because such parties are to make recompense to the parties, unjustly vexed for the said unjust vexations," extended the provision of the statute of 23 Hen. 8 to all other forms of action (Roberts' Dig. 129). That a defendant having recovered a judgment for costs against a plaintiff pursuant to these statutes may maintain an action of debt upon it, is a point as well settled by authority both in England and America as any point can well be: 1 Saund. Pl. & Ev. 114, tit. "Judgment." In Murray v. Wilson, 1 Wilson 316, and Harward v. Furborn, Cro. Eliz. 96, it was ruled expressly that debt lies in the King's Bench or Common Pleas upon a judgment of nonsuit in an inferior court to recover the costs. Hayes v. Newmarch, 1 Allen 51, and Ives v. Finch, 28 Conn. 112, are to the same effect. In Rogers v. Burns, 3 Casey 525, this court adjudicated upon such an action on a judgment for defendant in a sister state, and there held that although an exemplification of a record does not show a taxation of the costs, it will be presumed when a judgment is entered stating the aggregate of the costs. As we have seen that a proceeding by scire facias takes the place with us of an action of debt in all respects, the plaintiff below can maintain his action in that form. The Act of Assembly of June 16th 1836, sect. 2 (Pamph. L. 762), enacts that " after the expiration of the period aforesaid no execution shall be issued on any

[Stewart *v.* Peterson's Executors.]

judgment," without a scire facias. The period there referred to was the old common-law period of a year and a day, which has since been extended to five years by the Act of April 16th 1845, sect. 4 (Pamph. L. 538). The Statute of Limitations does not apply to actions of debt or scire facias on judgments, and it follows that the affidavit of defence filed in the court below was insufficient, and judgment was rightly entered for the plaintiff below, notwithstanding the affidavit.

Judgment affirmed.