## Township of Conyngham *versus* Walter.

1. W. held a judgment and issued a scire facias to revive it. The defendant pleaded that the plaintiff could not maintain the writ, because the defendant was a township and was not the owner of real estate. The plaintiff demurred to this plea and the court sustained the demurrer: *Held*, that this was not error.

2. The defendant took a rule to show cause why judgment should not be entered on the scire facias without interest, which rule the court discharged, and directed that interest on the original judgment should be computed and judgment entered for the aggregate sum of debt and interest as a new principal: *Held*, that this was not error.

June 7th 1880.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Columbia county :* Of May Term 1880, No. 124.

Scire facias to revive a judgment obtained by Abner K. Walter against the township of Conyngham, on an order issued by said township.

The plaintiff, Walter, held a judgment against the township entered in the Court of Common Pleas of Columbia county, to December Term 1873, for $796.72. In January 1879, he issued a scire facias in the usual form to revive said judgment.

To this writ the township pleaded that the plaintiff ought not to have or maintain this scire facias, because the defendant is a certain district or territory in the county of Columbia, erected and organized under the laws of Pennsylvania, by the name, style and title of the Township of Conyngham, with all the rights and privileges pertaining to a township within said county, under the laws of said Commonwealth, and that the said township is not the owner of any real estate. Wherefore, because the said defendant remains and is bound by the original judgment, and was at the time the plaintiff obtained the same, and is now, a quasi municipal corporation under the laws of the Commonwealth, and has not, and is not now, the owner of any real estate, the said township prays judgment of the writ aforesaid, and that the same may be quashed.

To this plea the plaintiff demurred, on the ground that it was

not sufficient in law to preclude him from maintaining his action. There was a joinder on the demurrer, and on these pleadings the court below, on the 8th of September 1879, ordered judgment to be entered for the plaintiff on the demurrer, the amount to be computed by the prothonotary, to which counsel for the defendant excepted, and at the same time took a rule on the plaintiff to show cause why judgment should not be entered without interest on the scire facias, which rule, the court, on the 13th of December 1879, discharged, and directed that the interest on the original judgment should be computed, and judgment entered for the aggregate sum of debt and interest as a new principal.

The following was the opinion of the court, Elwell, P. J. :

"Before the Statute of Westminster II., 13 Ed. 1, cap. 45, Roberts Dig. 240, the plaintiff in a judgment could not maintain a scire facias upon a personal judgment, nor have execution where the judgment slept a year and a day, but was put to a new action upon the original judgment : 3 Salk. 321.

"The rule of the common law was for the protection of the debtor, and one object of the statute was, says Gibson, J., in Pennock *v.* Hart, 8 S. & R. 269, 'to preserve to him the benefit of it, while a more speedy and less oppressive remedy was provided for the creditor. * * * Both at the common law, and under the statute, the presumption is prima facie that the judgment has been discharged, and the defendant is not to be molested with an execution before he has an opportunity to show the truth.'

"A scire facias is in the nature of an original action, and the defendant may plead to it in bar of an execution : Co. Litt. 290 a; 2 Tr. & H. Pract. 272, 3d ed.

"The action by scire facias is a substitute for the action of debt upon the judgment, and the latter action may still be maintained in England, but it has become less frequent because of the Statute of 43 Geo. 3, which precludes the plaintiff from recovering costs in an action on' a judgment unless the court or one of the judges shall otherwise direct : 1 Chit. Pl. 111.

"In Duff *v.* Wynkoop, 24 P. F. Smith 305, it was held, that a scire facias is a substitute here for an action of debt elsewhere ; the judgment on it is *quod recuperet* instead of a bare award of execution.

"By our Act of 1845, the time within which a plaintiff may have execution upon a judgment is extended to five years. If the plaintiff, after the lapse of that time, shall cause an execution to be issued without a previous scire facias, it will be set aside : Comly *v.* Rissel, 1 Phila. R. 402.

"At common law a judgment was not a lien on real estate. The necessity for a renewal of the judgment after a year and a day was in no way created by any question on that subject. It arose altogether from the presumption of discharge or release by the lapse

[Township of Conyngham v. Walter.]

of time. This presumption, as we have seen, does not create a bar to the recovery of the debt unless it is rebutted by proof, but it extends no further than to require that the plaintiff who has taken no steps to execute his judgment during a year and a day at the common law, or the five years now allowed by statute, to call upon the defendant by legal process to show cause why he should not have the fruits of his judgment. If he will not do this the presumption stands in the way of his collecting the judgment by execution of any kind.

" By the Act of 1834 the party entitled to the benefit of a judgment against a township, shall have execution thereof by a writ commanding payment thereof out. of any moneys in the treasury unappropriated, and if there be none, out of the first money that shall be received for the use of the township, and not otherwise.

" This process is what is called in the act an execution, and is, therefore, within the prohibition of the common law as extended by the Act of 1845.

" By the scire facias the plaintiff is not seeking to have execution otherwise than is provided by the Act of 1834. He is but calling upon the defendant to show cause why he should not have execution according to that act. It is no answer for the defendant to say the judgment is not a lien on real estate, and, therefore, the act prohibiting execution after five years does not apply. Why it does not, it appears to me to be impossible to establish by any course of sound reasoning.

" In no statute, nor by any decision of any court, has a different rule been established for municipal corporations from that in regard to natural persons as to the presumption arising from lapse of time beyond which a judgment cannot be executed without a revival. Why should there be a distinction? There is greater reason why the officers of a township after the lapse of five years, should be afforded an opportunity to show cause why the statutory writ of execution should not be issued, than in the case of an individual. New officers are annually coming in to take charge of the financial affairs of the township. And, therefore, protection to the township requires that, where a plaintiff has taken no action for five years, he shall be put to his writ of scire facias before he can have execution.

" If the plaintiff had issued the statutory writ instead of his scire facias it would have been set aside on motion. Inasmuch, therefore, as the plaintiff could not proceed otherwise than by a scire facias he is entitled to maintain his action. It is no objection to his proceeding that other creditors have judgments upon which scire facias may be issued, and thus costs may be made to the township. The only question is, has the plaintiff the right to have judgment that he may recover his debt by such form of execution as is in such case provided by law.

[Township of Conyngham *v.* Walter.]

" The case of Schaffer *v.* Cadwallader, 12 Casey 126, relied upon by the counsel for the defendant, decides nothing more than that no execution can issue against the land of a municipal corporation, because the judgment is not a lien upon its real estate. But this touches not the question raised by this record. The judgment in this action merely determines that the plaintiff has or has not the right to recover, by the kind of execution to which he is limited by statute, the amount appearing by the record to be his due.

" Having no doubt that the plaintiff has pursued the remedy which the law provided for him, and that without pursuing it he was not entitled to execution, I am of opinion that the plea of the defendant cannot be sustained.

"And now, September 8th 1879, judgment for the plaintiff on the demurrer. Amount to be computed by the prothonotary.

" The uniform practice of entering judgment upon a scire facias upon a judgment, is to include the interest as part of the new principal : Berryhill *v.* Wells, 5 Binn. 56 ; Fries *v.* Watson, 5 S. & R. 220. There is no good reason why a judgment against a municipal corporation should be an exception to the general rule.

" And now, December 13th 1879, rule discharged, and it is directed that the interest on the original judgment be computed, and judgment entered for the aggregate sum of debt and interest as a new principal."

The defendant took this writ, alleging that the court erred : 1. In entering judgment for the plaintiff on the demurrer. 2. In directing that the interest on the original judgment be computed, and judgment entered on the aggregate sum of debt and interest, as a new principal.

*William A. Marr* and *John G. Freeze,* for plaintiff in error.— We contend that a scire facias on a judgment against a township is unnecessary for the term of twenty years at least ; and if we are right in this, then any revival or renewal of it on a writ of scire facias within that time, should be without interest computed, making up a new principal, and without costs on the writ.

The scire facias could not continue the lien, for no lien was ever acquired by the judgment, because it was against a township, and because the township was not the owner of any real estate : Morgan *v.* Moyamensing Township, 2 Miles 397 ; Monaghan *v.* The City of Philadelphia, 4 Casey 207 ; Schaffer *v.* Cadwallader, 12 Id. 126.

Besides that, we say that the Act of 26th March 1827, Pamph. L. 129, the Act of 16th June 1836, Pamph. L. 755, and the Act of 16th April 1845, Pamph. L. 538, relate to the writ of fieri facias and to the lien on real estate, and are within the principle of Dodge *v.* Casey, 1 Miles 13, where an alias fi. fa. is allowed, although more than five years had elapsed since entering the judg-

[Township of Conyngham *v.* Walter.]

ment, without the intervention of a scire facias: Shaw *v.* Richards, 2 Miles 103; Landouzy *v.* Seelos, 4 W. N. C. 151. A writ of fieri facias is a lien upon personalty from the date of its receipt by the sheriff—it authorizes a levy upon both personal and real estate, and it provides for a sale of the property levied upon the writ. Not one of these things can happen upon any writ that can be issued against a township.

*A. P. Spinney,* for defendant in error, was not heard by the court.

The judgment of the Supreme Court was entered June 21st 1880.

PER CURIAM.—This judgment is affirmed on the opinion of the learned judge of the court below.

Judgment affirmed.