668

## American Bankers Finance Company v. Majeski

*Howard L. Fussell*, for plaintiff; *William B. McClenachan, Jr.*, for petitioner.

BROOMALL, J., February 26, 1932.—The judgment in the above case was entered upon a promissory note containing a confession of judgment, a copy of which note is as follows:

"$200.00      Judgment note with co-maker      No. L 351
"AMERICAN BANKERS FINANCE COMPANY
"Loan made under chapter No. 432, laws of 1915; amended 1919.

"Philadelphia, Pa., October 17, 1925.

"1. Value received, the undersigned jointly and severally promise to pay to AMERICAN BANKERS FINANCE CO. or order two hundred dollars, with interest on unpaid balances at 3½% per month, without defalcation, payable at its office, Philadelphia, Penna.

"2. It is understood that the undersigned shall pay this obligation by repaying the sum of $200.00 this day lent in 10 installments of $20.00 and one installment of $...... in ........ months, an installment to become due and payable on the 17th day of each and every month after the date hereof, together with the interest at 3½% per month, until said loan is fully paid.

"3. If default shall be made in the payment of any of said installments on this note or any renewal thereof, or if any maker of this note shall abscond or move from the jurisdiction of the courts of this county, or shall assign, secrete or dispose of his or her property so as to hinder, delay or defraud any of his or her creditors, the whole principal sum of this note, or such portion thereof as shall then remain unpaid, with interest thereon at the rate above agreed up to that time, shall, at the option of the holder of this note, become immediately due and payable without notice.

"4. And further, we do hereby authorize and empower any attorney of any court of record of Pennsylvania or elsewhere to appear for and to enter judgment against us for the above sum with or without declaration, with costs of suit, release of errors, without stay of execution, and with 10 per cent. for collecting fees; and we also waive the right of inquisition on any real estate that may be levied upon condemnation, and we further agree that said estate may be sold on a *fi. fa.*, and, we hereby waive and release all relief from any and all appraisement, stay or exemption laws of any state now in force or hereafter to be passed. Witness our hands and seals.

EDWARD  MAJESKI      :L.S.:
"Witness                         WANDA  MAJESKI      :L.S.:
.................................
.................................
"Manola Rd. & Edgmont, Penfield, Del. Co., Pa."

The judgment thereon was entered March 25, 1926. On May 22, 1931, the Benefactor Building and Loan Association presented its petition, setting out that it is the owner of premises located in this county conveyed to it on July 27, 1928, by Edward Majeski and Wanda Majeski, defendants above named; that the conveyance to the said petitioner was made with the understanding that there was no judgment against the property at the time of the conveyance; that the petitioner subsequently discovered the existence of the above-mentioned judgment; that it had endeavored to secure a satisfaction of the said judgment upon payment of the principal thereof with interest at the rate of 3½ per centum a month from October 17, 1925, to March 25, 1926, and with interest at the rate of six per centum per annum thereafter, together with costs, but that plaintiff refused to satisfy said judgment unless it was paid, in addition to the principal and costs, interest thereon at the rate of 3½ per centum per month from October 17, 1925, to date of satisfaction; and prayed the court for a rule to show cause why plaintiff should not satisfy said judgment upon receipt of principal, namely, $200, all costs thereon, interest at the rate of 3½ per centum per month from October 17, 1925, to March 25, 1926, and interest thereafter at the rate of six per centum per annum from March 25, 1926, to date of payment; and a rule was granted accordingly. An answer was filed by plaintiff in the judgment, which did not deny any of the material facts of the petition, but contended that plaintiff was entitled to interest on the judgment at the rate of 3½ per centum a month until final payment.

No depositions were taken, and the case comes before us on petition, rule and answer.

We think that the rule in the present case should be made absolute. There is no doubt that plaintiff, payee in the note in question, was entitled to interest at the rate of 3½ per centum per month upon the note until the date of payment of the note so long as plaintiff's claim was upon that note; but we think that a different situation arises after its claim was reduced to judgment. We have not been referred to any case in this state ruling squarely on the question involved, but in an analogous situation in Massachusetts it was ruled that, where a claim is reduced to judgment in Massachusetts, the principle contended for here would apply. In that case, Clark v. Child, 136 Mass. 344, suit was brought upon a foreign judgment which by its terms provided that it bore interest at the rate of seven per centum per annum until paid. But the Supreme Court of Massachusetts held that a judgment recovered thereon in Massachusetts should bear interest at the rate of only six per centum per annum; it being held therein that the contract as represented by the foreign judgment merged in the judgment recovered in Massachusetts and that the Massachusetts judgment could bear interest at the legal rate only, irrespective of the provision of the foreign judgment that that debt bore interest at seven per centum until paid. We think the same rule applies here. It is true that the judgment in this case was entered on the warrant of attorney to confess judgment contained in the note, but we cannot see that that changes the principle involved; and we think that the interest should be the same in this case as if plaintiff herein had brought suit upon a note similar in all respects to the one on which judgment was entered except that the note contained no warrant of attorney to confess judgment.

At common law a plaintiff could only collect the amount of the judgment without interest, which brought about the passage of the Act of 1700, 1 Sm. Laws 7, 12 PS § 782, which provides, inter alia:

"Lawful interest shall be allowed to the creditor for the sum or value he obtained judgment for, from the time the said judgment was obtained to the time of sale, or till satisfaction is made." See Stewart v. Peterson's Exec'rs, 63 Pa. 230, 232.

The Act of June 17, 1915, P. L. 1012, as amended by the Act of June 4, 1919, P. L. 375, 7 PS §§ 751-760, provides for the licensing of persons and authorizes the charging of interest at a rate not to exceed 3½ per centum per month on loans under $300. It prohibits collection of interest in advance or the compounding of interest and provides for computation of interest only on unpaid balances for the time that has elapsed at the date of payment. There is no provision in the act for the collection of interest at that rate on a debt reduced to judgment. The entry of judgment, in our opinion, is a liquidation of the debt, and plaintiff is only entitled to interest at the legal rate under the Act of 1700, supra.

We are inclined to the view that the note above set forth is in accordance with our conclusions if it is strictly construed. Clause one thereof provides for interest at the rate of 3½ per centum per month on unpaid balances, while clause two provides for payment in instalments with the same interest until said loan is fully paid. Clause three provides that in case of default the whole principal sum or the balance thereof shall become due with interest thereon at the rate above agreed upon up to that time. Clause four is the warrant of attorney to confess judgment. Considered together, the makers are to pay instalments with the interest at the advanced rate, but if default shall be made, that rate of interest only applies up to that time. So far as the record goes, default was made in the payment of the first instalment, although the judgment was not actually entered for over five months after the date of note. The entry of the note was the exercise of the option to declare a default and nowhere in the note is there any provision for the increased interest on the judgment so entered. Therefore, it must be held to draw only legal interest. To hold otherwise would evade the statute relating to usury, which the Supreme Court said, in Moll, to use, v. Lafferty, 302 Pa. 354, "cannot be evaded by any circumvention or waived by the debtor."

The case relied upon by plaintiff in the present proceeding, namely, Carroll v. Coöperative Loan and Investment Co., 6 D. & C. 425, does not, in our opinion, conflict with the view that we have expressed, for that was a case where, after the entry of judgment on the note, the judgment debtor paid the full amount claimed by plaintiff and then brought an action to recover what he contended was an overpayment, together with the penalty for making a charge in excess of that allowed by the law. In that case, the Court of Common Pleas of Dauphin County held that as the payment received by the payee in the note was not more than the note itself provided for, he had not violated the Act of 1915, as amended in 1919, supra, in accepting the full amount provided for by the note. A different situation would have arisen, we think, had the maker of the note there resisted payment of the judgment by offering only legal interest on the judgment after the date of its entry.

And now, to wit, February 26, 1932, the rule in this case is made absolute; and it is adjudged and decreed that the respondent in this rule, plaintiff in the above-entitled judgment, shall satisfy the same of record upon payment to it of the principal sum of $200, together with all costs, with interest on said $200 from October 17, 1925, to March 25, 1926, at the rate of 3½ per centum a month, and with interest from March 25, 1926, to the date of payment at the rate of six per centum per annum.

From William R. Toal, Media, Pa.