O'NEILL & CO., INC., *v.* CARRIE W. SCHULZE

[No. 5, April Term, 1939.]

66

 ██

*Decided July 5th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*B. H. Hartogensis,* for the appellant.

*J. Calvin Carney* and *Charles G. Page,* for the appellee.

SLOAN, J., delivered the opinion of the court.

This appeal is from an order striking out a judgment of *fiat nisi* on a judgment against which limitations had run when a writ of *scire facias* had been issued.

On July 30th, 1924, O'Neill & Co., Inc., the appellant, recovered a judgment against the appellee, Carrie W. Schulze, for $785.28. The appellant, O'Neill & Co., caused a writ of *scire facias* to be issued out of the Superior Court of Baltimore, June 27th, 1938, fourteen years after the original judgment, to revive it, returnable the second Monday of July (11th), 1938. The return of the sheriff was that it was made known to the defendant, Carrie

W. Schulze, the day of its issue, June 27th, 1938. The defendant did not appear on the return day, and had not filed a plea or motion to quash, and a judgment of *fiat nisi* was entered. The next return day, August 8th, 1938, a *fiat executio* was issued. Nothing further was done until August 17th, 1938, within the May Term, 1938, when the defendant filed a petition (or motion) to strike out the original judgment, the sheriff's return on the *scire facias,* the judgment of *fiat nisi,* and the *fiat executio.* The court refused to strike out the original judgment, which was not argued on appeal, and granted the remaining prayers of the petition, from which action, in striking out the return, the *fiat nisi* and *fiat executio,* the plaintiff appeals.

The defendant's testimony is that she did not understand or comprehend what the deputy sheriff, who served the writ, was reading to her, but admitted it pertained to a claim or demand on her of O'Neill & Co. With all the presumptions in favor of the sheriff's return, it cannot be set aside upon the statement that she did not know what it was about. Her flat denial, without other evidence, facts, or circumstances to support her, would not be sufficient. *Parker v. Berryman,* 174 Md. 356, 198 A. 708; *Weisman v. Davitz,* 174 Md. 447, 199 A. 476.

It is conceded in this case that the sheriff, when he served the *sci. fa.* on the defendant, did not leave a copy of the writ with her. The evidence in the record is that it has not been the practice of the Superior Court to make copies of writs of *sci. fa.,* but that it is the uniform practice of the City and Common Pleas Courts to furnish a copy to be left by the sheriff with the defendant.

The authority in this state for a *scire facias* to revive or extend a judgment is section 20, article 26 of the Code, which says: "On all judgments or decrees in any court of law or equity * * * an execution or attachment may issue out of such court or by the clerk thereof, at any time within twelve years from the date of the judgment or decree, or the said judgment or decree may be

otherwise proceeded against within twelve years from its date; * * * provided, that at any time before the expiration of twelve years from the date of any such judgment or decree * * * the plaintiff shall have the right to have a writ of *scire facias* to renew or revive the same."

When a judgment has become twelve years old, unless renewed within that time, it ceases to be a lien on the real estate of the judgment debtor, and is displaced and superseded by existing and subsequent liens, and the gap is not covered by *scire facias* and judgment of *fiat* thereon after the expiration of the twelve-year limitation on the original judgment. *Post v. Mackall,* 3 Bland 486, 518; *Hodges v. Sevier,* 4 Md. Ch. 382. If the language of the statute (Code, art. 26, sec. 20) were to be taken literally, a judgment creditor who did not proceed within twelve years could not renew or revive his judgment, for it reads: "* * * that at any time before the expiration of twelve years from the date of any such judgment * * * the plaintiff shall have the right to have a writ of *scire facias* to renew or revive the same." Whatever rights a judgment creditor has are derived from statute (*Caltrider v. Caples,* 160 Md. 392, 394, 153 A. 445), and the implication from this statute is that if the plaintiff does not proceed within twelve years he cannot proceed at all. In this state, however, it has been held that a stale judgment may be renewed by *scire facias* unless resisted by a plea of limitations, *nul tiel record,* payment, release, accord and satisfaction, or bankruptcy. 2 *Poe, Pl. & Pr.,* secs. 602-606; 24 *R. C. L.* 680. As said in 2 *Poe, Pl. & Pr.,* sec. 690, "* * * although the language of the statute is very imperative and mandatory, still it is to be construed as in other cases— as merely meaning that the action will be barred if the defense be taken, and not otherwise." *Mullikin v. Duvall,* 7 G. & J. 355, 359; *Johnson v. Hines,* 61 Md. 122, 127; *Jones v. George,* 80 Md. 294, 30 A. 635; *Warfield v. Brewer,* 4 Gill. 364.

The chief contention of the appellee is that the writ of *scire facias* is so much in the nature of a declaration, that the Rule Day Acts apply. The plaintiff, appellant, on the other hand, contends that the Rule Day Act, which requires a copy of the declaration to be left with the defendant, does not apply, yet invokes the act in its motion for a judgment by default for want of a plea. The Rule Day Act for Baltimore City is the Act of 1864, ch. 6, as amended by the Act of 1886, ch. 184, Charter of Baltimore City, secs. 395 to 403, Code Pub. Loc. Laws, art. 4, secs. 303 to 311.

There is no uniformity of opinion as to whether a writ of *scire facias* is to be treated as a declaration or a writ. *Foster, Writ of Scire Facias,* 73 Law Lib. 11, said: "It is only a *quasi* continuation of the former suit, brought merely to revive the former judgment, and is then properly called a writ of execution." In *Owens v. McCloskey,* 161 U. S. 642, 16 S. Ct. 693, 694, 40 L. Ed. 837, it was said that "Ordinarily, the writ of *scire facias* to revive a judgment is a judicial writ, to continue the effect of, and have execution of, the former judgment, although in all cases it is in the nature of an action, as defendant may plead any matter in bar of execution, as, for instance, a denial of the existence of the record, or a subsequent satisfaction or discharge." *Duff v. Wynkoop,* 74 Pa. 300; *Coyngham Township v. Walter,* 95 Pa. 85. It is said in a note to *Alexander's British Statutes* (Coe's Ed.), 194: "Although a *scire facias* to revive a judgment is generally termed a judicial writ and although it is as against the judgment debtor and his heirs and personal representatives a continuation of a former proceeding, still it is really an action, since the defendant has the right to plead to it any defense which goes to show that his liability has been discharged or extinguished," and *Browne v. Chavez,* 181 U. S. 68, 21 S. Ct. 514, 45 L. Ed. 752; *Kirkland v. Krebs,* 34 Md. 93, and *Brooks v. Preston,* 106 Md. 693, 68 A. 294, are cited in support of this statement. 2 *Poe, Pl. & Pr.,* sec. 585. In *Weaver v. Boggs,* 38 Md. 255,

this court said of the writ of *scire facias*: "In this State, it is clearly settled that though it is a judicial process, yet it so far partakes of the nature of an action, that the defendant may appear and plead to it in the same manner as to an action founded upon an original writ, and the judgment thereon is considered a new judgment, having all the attributes of the original, upon which the *scire facias* was founded." The writ of *scire facias* on judgment is not an original writ (*Bridges v. Adams,* 32 Md. 577), and is, therefore, unlike an original action on which the defendant is summoned, and in which, to entitle the plaintiff to a judgment by default on the return day for want of plea, a copy of the declaration must be left with the defendant, as provided by Baltimore City Charter, secs. 400 and 402, Code Pub. Loc. Laws, art. 4, secs. 308 and 310. While a *scire facias* may be treated as an action for the purpose of making defenses, the writ cannot be called a declaration. Sections 400 and 402 of the City Charter have no application to writs of *scire facias,* but sections 396 and 398, Code Pub. Loc. Laws, article 4, sections 304 and 306, do apply. Charter, sec. 396 (Acts of 1886, ch. 184) reads: "All original writs, writs of execution, attachment, replevin, eject-ment, *scire facias* and *habere facias,* as well as other writs and process issued from or returnable to any of said courts, which under the practice heretofore existing would have been returnable to the first day of the term, or to a return day, shall hereafter be made returnable to the first return day after the issue of the same, or may be made returnable to the second return day there-after, if the party by whose direction the same was issued, or his attorney, shall so request in writing." Prior to Act of 1864, ch. 6, which added eight return days (excepting August), there were but three return days, the first days of the January, May and September Terms. The Act of 1886 did not change the terms; it simply added one, August, and except for provision for speedier action in suits at law, did not alter the mean-ing or effect of a term on cases pending in the law courts.

Section 398 of the Charter, Code Pub. Loc. Laws, art. 4, sec. 306, Act of 1864, ch. 6, provides: "After the execution of any writ of other process made returnable to a return day in either of said courts, the same proceedings may be had thereupon as if the same had been made returnable, and had been returned to a term of said court under the practice heretofore existing, except as hereinafter otherwise provided." With respect to *scire facias* there has been no statutory change in practice. The only question then is: What was the practice, and what the rights of the parties to a *scire facias* on judgment?

After the sheriff's return of *scire feci* or "made known," the clerk on motion of the plaintiff may, if there is no appearance, enter a *fiat nisi,* but any time during the term, if the defendant appears and files a motion to quash or demurrer, for defects apparent on the face of the record (and limitations would be one of these), or pleads any of the defenses which would otherwise discharge him, the *fiat nisi* will be stricken out, and this can be done at any time during the term to which the writ was returned. *Evans' Practice* (2nd Ed.), 105.

Except in certain specific cases (*Adkins v. Selbyville Mfg. Co.,* 134 Md. 497, 503, 107 A. 181), as in ejectment and the Speedy Judgment Acts, we have no general law in this state requiring the sheriff to leave a copy of the writ of summons with the defendant, the process statute providing that in all civil suits "a writ of summons shall be issued for the defendant, in which shall be stated the purpose for which he is summoned." Code, art. 75, sec. 153.

Everything in the instant case was done within the May term, 1938, and the court was right and followed the "practice heretofore existing," in striking out the *fiat nisi* and *fiat executio.* We disagree, however, with so much of the order appealed from as struck out the sheriff's return, as no copy of the writ was required to be left with the defendant, though it is the better practice to do it.

The order appealed from will be reversed as to striking out the sheriff's return, and in other respect affirmed.

*Affirmed in part and reversed in part, and
case remanded, the costs to abide the
result in the trial court.*