## Gabelia v. Benes

*Martin E. Cusick*, for plaintiff.

*William D. Irwin*, for defendant.

RODGERS, P. J., April 20, 1960.—This matter comes before the court on a rule to show cause why Clara Benes Purich, administratrix of the estate of Joseph Benes, deceased, should not be substituted for Joseph Benes as a party defendant in this matter.

During his lifetime Joseph Benes executed and delivered to plaintiff a judgment note containing a warrant of attorney to confess judgment. Judgment was entered pursuant to the warrant of attorney contained in the note on November 11, 1949. A praecipe for a writ sci. fa. to revive the lien of the judgment was filed on November 20, 1958. On November 20, 1958, the writ of sci. fa. was delivered to the sheriff and the writ was indexed in the judgment index in the prothonotary's office. On February 16, 1959, a complaint was filed in conformity with rule 47, sec. 1, of the Mercer County Rules of Court.

Joseph Benes died March 4, 1959. The sheriff had been unable to find him and no service was made on him prior to his death. The complaint was returned mortuus est. No return was made with relation to the writ of sci. fa. on March 13, 1959; the death of defendant was suggested of record. On September 19, 1959, a praecipe was filed by counsel for rule to show cause why Clara Benes Purich, administratrix of the estate of Joseph Benes, deceased, should not be substituted for Joseph Benes as a party defendant. On October 5, 1959, the administratrix of the estate of Joseph Benes made answer to the rule and opposed the request that she be substituted as a party defendant in these proceedings.

The question is: Where proceedings to revive a judgment are instituted more than five years after the entry of the judgment and the judgment debtor dies after the writ of sci. fa. has been delivered to the sheriff and indexed in the judgment index, but before the writ has been served, may plaintiff have the personal representative of the deceased debtor substituted on the record in order that the revival proceedings may be prosecuted to judgment?

Pennsylvania Rule of Civil Procedure 2352(b) provides for the compulsory substitution of parties if "a successor" of a "party to an action" refuses to voluntarily substitute himself for a party.

The precise question is: Was the deceased who had not been served with the writ a "party" to "the action"?

This requires a determination of precisely what "the action" is in this situation.

Does "the action" refer merely to the sci. fa. writ or are we to consider the original judgment as a part of this "action"?

Our Supreme Court in Township of Conyngham v. Walter stated:

"A scire facias is in the nature of an original action, and the defendant may plead to it in bar of an execution . . . the judgment on it is quod recuperet instead of a bare award of execution". Township of Conygham v. Walter, 95 Pa. 85, 86.

A judgment quod recuperet is defined as "a judgment that the plaintiff should recover, that is, a judgment rendered in favor of the plaintiff otherwise than on a dilatory plea": Ballentine Law Dictionary, 699.

In Stewart v. Peterson's Executors, 63 Pa. 230, the court was faced with the problem of whether a scire facias could issue at the time that plaintiff could have proceeded to execution. The court referred to the old rule permitting an action of debt within a year and a day of the original judgment and said:

"There exists no reason why the same rule, which as we have seen obtains in actions of debt on the judgment, should not apply to proceedings by scire facias, which have so completely and so properly taken their place in this state. Indeed *a scire facias on a judgment has with us all the qualities and incidents of an action.* The judgment in it is quod recuperet, not as elsewhere merely an award of execution . . . And though the reason for bringing *a new action* instead of taking out an execution, that in that way only can interest be recovered, does not exist in Pennsylvania, yet there may be another and equally good reason for it here, which is that it is necessary to secure a new or continue the old lien upon the land of the debtor": Stewart v. Peterson's Executors, 63 Pa. 230, 232. (Italics supplied.)

In Shaeffer v. Child, 7 Watts 84, 86, the court said:

"With us, judgment on a scire facias post annum et diem is quod recuperet—not, as elsewhere, an award of execution; and our scire facias to continue, was held, in the case of Mason's Estate, 5 Watts 464, to

partake of the same quality. *An expired judgment, thus revived,* then *binds as a new and an original one,* and consequently only what the debtor had at the time." (Italics supplied).

It might be said that this is only technically a new case or a new suit. If this is conceded, and it may well be that it should be, then we should determine whether the equities of the case would require us to override the technicality and allow the substitution. We do not feel that the equities in this case favor such an interpretation. As the Supreme Court said in Rosenberg v. Silver, 374 Pa. 74, 79:

"The law will aid the aggrieved citizen who trips on his way to the courthouse, but it will rigorously scrutinize the dilatory demands of the litigant who enters court to file a single paper only to weave around it the cobwebs of neglect and purposeless (or worse, purposeful) delay."

While we do not say that the facts of this case would justify the language of the court in the Rosenberg case, we do believe that it was the failure of plaintiff to act promptly which denied this defendant his right to make a defense and that it is not reasonable to require his personal representative to make a defense to matters of which she has no personal knowledge.

The note was originally filed November 21, 1949. Plaintiff had the right to revive this any time in the next five years and could ordinarily have been expected to have revived it during the fifth year. Failing to revive it during this year she then delayed until November of 1958, nearly four years more before taking the present action.

The decision of a rule upon the personal representative to show cause why she should not be substituted as a party is a matter within the discretion of the court. In Rosenberg v. Silver, 374 Pa. 74, the Supreme Court upheld the refusal of a lower court to substitute

the personal representative for a decedent where plaintiffs had delayed five years and two months after filing their law suit to file a complaint when defendant had died in the meantime. We believe that the reasoning of that opinion is applicable here. The lower court had there said:

"For all we know, there are a dozen defenses which the dead defendant could make . . ."

Although the defenses in this case are limited to that of payment, it is still true that the person best able to maintain these defenses would have been the deceased defendant. The personal representative is unaware of the facts. The failure of plaintiff to proceed during the lifetime of defendant has denied him the right to make such a defense if it were available.

### Order

And now, April 20, 1960, the rule to show cause why Clara Benes Purich, administratrix of the estate of Joseph Benes, deceased, should not be substituted for Joseph Benes as a party defendant in this matter is discharged.