# William Job *vs.* Charles W. Walker, use of Michael Gieselman.

Where matter of discharge has happened since the judgment, and the defendant is in danger of, or actually under execution, he may have relief in a summary way, on motion for a rule to show cause ; the old practice by an *audita querela* in such cases, has fallen into disuse.

Under the act of 1829, ch. 51, the defendant has, in such a case, the same remedies against the assignee of the judgment as he would have had against the original plaintiff.

17    *v.*3

Job *vs.* Walker.

It is no objection to such a proceeding, that the affidavit, which was the foundation of the rule was made by another instead of the defendant himself. The mere granting of the rule determines no rights, and it is therefore immaterial who makes the affidavit.

APPEAL from Frederick county court.

In this case a judgment was confessed below by the appellant in favor of the appellee, Walker, on the 11th of April 1849, in debt on a single bill for $500 and costs, with interest from April 5th, and stay of execution till December 11th, 1850. On the 12th of October 1850, this judgment was assigned to Gieselman, who, on the 20th of December 1850, issued a *fi. fa.* thereon, returnable to the following February term. On the 7th of April 1851, before the return of the *fi. fa.*, the defendant in the judgment filed his petition, praying that the *cestui que use* show cause why certain credits, which had accrued subsequent to the judgment and prior to the assignment, should not be allowed, and the surplus proceeds of the *fi. fa.* in the hands of the sheriff, over and above what was due the *cestui que use*, after allowance of these credits, paid over to the defendant. The credits claimed amounted to $337, and the petition states, that they were furnished with the express understanding that they were to be applied towards this judgment, and all of them long anterior to the assignment. To this petition was annexed the affidavit of one Joseph Etzler, that the facts therein stated were true, to the best of his knowledge and belief.

Upon this petition and affidavit the court, at February term 1851, laid a rule upon Gieselman to show cause, on the first Monday of November following, why the credits should not be allowed as prayed, provided a copy of said petition and rule be served on him before that day. Various affidavits, taken before a single justice of the peace, were then filed in the cause by the respective parties. The purport of these sufficiently appears in the opinion of this court. The record does not show that notice was given to the opposite party when these affidavits were taken, nor that any agreement, dispensing with the usual formalities in such proceedings, was

made. After the filing of these affidavits the court discharged the rule, and the defendant appealed.

The cause was argued before LE GRAND, C. J., MASON and TUCK, J.

*Wm. M. Merrick* for the appellant.

1st. The appellant was entitled to relief against the assignee of the judgment exactly to the same extent as against the original plaintiff. The act of 1829, ch. 51, is broad and declaratory of the law as it theretofore existed. If the evidence does not distinctly show, that the money was paid *on the judgments*, yet if it be a good cause of set-off, it will be allowed on motion. This is not like a case for an injunction. It was only necessary to show that there was some ground for the relief, and this may be as well by the affidavit of a third person as by the party himself. *Alex. Ch. Pr.*, 80. The case of *Nesbitt vs. Dallam*, 7 G. & J., 509, shows, that if evidence be permitted to be given without objection, (as was done in this case,) the court will not reject it for matter of form, but will consider it as if introduced in the most formal manner.

2nd. The case of *Mason vs. Stoops, et. al.*, decided by the Court of Appeals for the Eastern Shore, at June term 1836, settles the question of practice, that the relief asked for in this case can be granted on motion. But without this case, there is sufficient authority elsewhere. 3 *Black. Com.*, 406. 5 *Rand.*, 639, 644.

*Wm. P. Maulsby* for the appellee.

1st. The rule was properly discharged, because there was no sufficient foundation laid for it. There is no case in which a party's own affidavit can be dispensed with, except in the case of a non-resident defendant, of which there was no evidence in this case. 7 G. & J., 494, *Nesbitt vs. Dallam*.

2nd. There was no proof offered sustaining the allegations of the petition. There is no evidence that the payments were

made upon the judgment with an agreement that they were to be credited thereon. The only way this is made out, is by the affidavit of Etzler to the petition; but he was never examined as a witness, though the defendant could have done so. His affidavit to the petition could not be taken as evidence at the hearing; such a proposition could not be tolerated for a moment.

On the question of practice, he cited 3 *Gill*, 323, *Barr vs. Perry.*

MASON, J., delivered the opinion of this court.

The ancient practice in a case like the present, was by *audita querela*. Blackstone in his *Commentaries, (*3 vol., page 405,*)* says: "An *audita querela* is where a defendant, against whom a judgment is recovered, and who is therefore in danger of execution, or, perhaps, actually in execution, may be relieved upon good matter of discharge which has happened since the judgment, as if the defendant hath paid the debt to the plaintiff without procuring satisfaction to be entered on the record." In latter years, this proceeding, both in England and in this country, has fallen almost entirely into disuse. Indeed we know of no instance in Maryland where it has ever been resorted to. In 1 *Bos. and Pul.*, 428, Chief Justice Eyre says: " I take it to be the modern practice, to interpose, in a summary way, in all cases where the party would be entitled to relief on an *audita querela*." And in 4 *Burr.*, 2287, it is asserted as a general rule, that the courts will not put the defendant to the trouble and expense of an *audita querela*, but will relieve him in a summary way on motion. And in Virginia, the same view is expressed in *Smock vs. Dade*, 5 *Rand.*, 639. There is no *reported* case in Maryland in which this summary proceeding, on motion, has been employed, but in an unreported case, *(Mason vs. Stoops and others,)* on the Eastern Shore, at June term 1836, relief, in this summary way, was granted to a defendant, by the Court of Appeals, on an execution issued out of that court. By the act of 1829, ch. 51, the appellant has the same remedies against the as-

signee of the present judgment as he would have had against the original plaintiff, if no assignment of the judgment had been made.

Upon these authorities we could not do otherwise than treat the present proceeding as regular in all respects.

Nor do we think the objection to the proceeding tenable, upon the ground that the affidavit, which was the foundation of the rule, was made by another instead of the appellant himself. As this affidavit constituted the basis only of the proceeding, and as no rights were determined or directly affected by merely granting the rule, we think it immaterial who made the affidavit.

The remaining question for us to determine arises out of the facts, and is, whether the credits claimed by the appellant are sustained by proof? This we are not able to do upon the evidence as it at present stands before us.

The record in this case discloses, that there is evidence to sustain, in part, if not wholly, the claim of the petitioner, but owing to irregularities in the mode of taking the proof, and the inability of the counsel to concur in recollection as to the terms of the agreement alleged to have been made for the purpose of waiving form, &c., in taking the affidavits, it is manifest to our minds, that complete justice to the parties cannot be had as the record now stands, and, therefore, for the purpose of authorising a new trial, and of enabling the parties to collect their proof in due form of law, we will remand this cause to the circuit court of Frederick county.

*Judgment reversed, and*
*cause remanded with costs.*