JOSEPH STARR *vs.* JOHN J. HECKART and WILLIAM YOUNG.

*Validity of the Plea of Final Discharge under the Insolvent Laws, to the Writ of Scire Facias— Injunction to Restrain Proceedings under an Execution.*

A judgment was recovered in 1858, in the Circuit Court for Anne Arundel county. Subsequently, the judgment debtor removed to Baltimore, and in 1859, obtained his final discharge under the insolvent laws. In 1866, a writ of *scire facias* was sued out by the judgment creditor, on the judgment of 1858, and, after two returns of *nihil* a *fiat* was entered, and in 1868, an execution was issued to the sheriff of Harford county, and levied upon property acquired by the judgment debtor by his own industry, after his discharge under the insolvent laws. The debtor never assumed or promised to pay the judgment after his final discharge, and had no notice of the *scire facias*, and proceedings thereunder, until his property was seized under the execution ; he then filed his bill in the Circuit Court for Harford county, praying for an injunction to restrain the judgment creditor and the sheriff from proceeding with the execution. HELD :

That the final discharge under the insolvent laws was a good and valid defence to the *scire facias*, by the insolvent debtor, and without fault or *laches* on his part, no opportunity having been allowed him to plead the same, and being without a full and adequate remedy at law, he was entitled to an injunction.

APPEAL from the Circuit Court for Harford County, in Equity.

The bill of complaint in this case was filed on the 29th of July, 1868, by the appellant, praying for an injunction to restrain the appellees from proceeding with an execution issued against him and levied upon his property. An injunction was issued as prayed. The appellees answered the bill and moved for a dissolution of the injunction. The Court, by its order of the 11th of May, 1869, dissolved the injunction and dismissed the bill. From this order, the present appeal was taken.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER, ALVEY and ROBINSON, J.

*Thomas Rowland* and *E. G. Kilbourn,* for the appellant.

Upon motion, upon the law side of the Circuit Court for Anne Arundel county, the appellant was entitled to have the *fiat* judgment struck out, and to be permitted to plead to the *scire facias* his discharge under the insolvent laws. *Fitz-Herbert's Natura Brevium,* 237, [104,] *J. Title, Audita Querela;* 2 *Williams' Saunders,* 72, *S,* and 72, *U,* and cases cited; *Foster's Scire Facias,* 355, 357, (73 *Law Lib.,* 306, 308;) 2 *Tidd's Practice,* (3d *Am. Edition,*) 1130; 2 *Archbold's Practice,* 99; *Sheridan's Practice,* 352; 2 *Paine & Duer's Practice,* 437; 3 *Blackstone's Com's.,* 405, and note; *Porter vs. Vaughn,* 24 *Vermont,* 211; *Paddleford vs. Bancroft,* 22 *Vermont,* 529; *Dunlap vs. Clements,* 18 *Alabama,* 778; *Job vs. Walker,* 3 *Md.,* 129; *Huston vs. Walker,* 20 *Md.,* 305; *Munnikuyson vs. Dorsett,* 2 *H. & G.,* 374; *Bridendolph vs. Zeller's Ex'rs.,* 3 *Md.,* 325; *Same,* 5 *Md.,* 58.

There is concurrent jurisdiction in equity to restrain by injunction the execution of such a judgment. *Williams vs. Roberts,* 8 *Hare,* 315; 1 *Story's Eq. Jur.,* sec. 64, *i,* and 80; *Hilliard on Injunctions,* 208; *Munnikuyson vs. Dorsett,* 2 *H. & G.,* 374; *Peatross vs. M'Laughlin,* 6 *Grattan,* 64; *Carrington vs. Holabird,* 17 *Conn.,* 531; *Marine Ins. Co. vs. Hodgson,* 7 *Cranch,* 336; *Hamphreys vs. Leggett,* 9 *Howard,* 313; *Jones vs. Com. Bank,* 5 *How.,* (*Miss.*) 43; *Walker vs. Gilbert,* 1 *Freeman,* (*Miss.*) 85; *Stubbs vs. Leavitt,* 30 *Alabama,* 352; *Bell vs. Williams,* 1 *Head,* (*Tenn.*) 229; *Lucas vs. Waller,* 1 *Morris,* (*Iowa,*) 303; *Barnes vs. Dodge,* 7 *Gill,* 109.

In this particular case, the appellant's only *adequate* remedy was by bill in equity in the Circuit Court for Harford county. A motion upon the law side of that Court to strike out the judgment could not have been entertained, because the record was not there. Such a motion in the Circuit Court for Anne Arundel county would have been entertained, but the writ of

Starr *vs* Heckart and Young.

*fieri facias* which had been levied upon the appellant's property had passed beyond the jurisdiction of the Court. To stay the execution of this writ there was no remedy but that which the appellant adopted. *Hamilton vs. Whitridge*, 11 *Md.*, 128.

Upon the hearing of the motion to dissolve the injunction, it was error to dismiss the bill; the appellant should have been allowed an opportunity to sustain by proof the allegation of fraud contained in his bill. *Dorsey, et al. vs. Hagerstown Bank, et al.*, 17 *Md.*, 408; *Huston, et al. vs. Huston, et al.*, 20 *Md.*, 332; *Barroll's Chan. Pr.*, 300.

*Henry W. Archer*, for the appellees.

The only ground upon which the appellant claimed relief in equity, was that the judgment was rendered upon two returns of *nihil*, and that he had no notice, in fact, of the *scire facias*. He claimed the interposition of a Court of Equity, simply and solely upon the ground that he had been discharged under the insolvent laws, and might have availed himself of the plea, if the writ of *scire facias* had been served upon him. The appellant had constructive notice, all the notice he was legally entitled to, of the *scire facias*, and it would be a novel and dangerous doctrine to hold that where the notice prescribed by law has been given, the want of actual notice in fact, will vitiate the judgment.

Two returns of *nihil* to writs of *scire facias* are legal notice to the defendant, and equivalent in law to the service of the writ; and fully authorize the entry of the judgment of *fiat*. *Hayward vs. Ribbans*, 4 *East.*, 312; *Style's Rep.*, 281; *Dyer's Rep.*, 168, 172; *Evans' Prac.*, (1*st Ed.*,) 104.

A judgment in *scire facias* is a new judgment. And although it is subject to all the provisions, conditions and memoranda attached to the original judgment, it will be observed that the original judgment in this case was absolute upon its face, as is also the *fiat*. *Moore vs. Garrettson*, 6 *Md.*, 444; *Huston, et al. vs. Huston et al.*, 20 *Md.*, 305; *Norton vs.*

*Beavar et al.*, 5 *Ohio*, 180; *Scriva, &c., vs. Deanes et al.*, 1 *Brockenbrough*, 167.

The appellant's discharge under the insolvent laws, is a defence of which, if he desired to do so, he should have availed himself by plea. The *scire facias* gives him the opportunity of pleading any defence since the date of the original judgment; and if he failed to do so, he cannot make it the ground of relief in equity. *Gott vs. Carr*, 6 *G. & J.*, 331; *Huston, et al. vs. Huston et al.*, 20 *Md.*, 331; *McCullough, et al. vs. Franklin Coal Co.*, 21 *Md.*, 262.

A discharge under the insolvent laws is not a meritorious defence; and although a party may avail himself of it, the moral obligation to pay the debt still remains, which is sufficient to sustain a new promise, or to prevent a Court of Equity from opening a judgment to let in such a plea.

ROBINSON, J., delivered the opinion of the Court.

This is an appeal from an order of the Court below, dissolving an injunction and dismissing the bill of the complainant.

The bill alleges that Heckart, in 1858, recovered a judgment against the appellant in the Circuit Court for Anne Arundel county, and that in 1859, then being a resident of Baltimore city, the appellant filed his petition in the Court of Common Pleas for the benefit of the insolvent laws, and in the same year received his final discharge.

That, in 1866, Heckart sued out of the Circuit Court for Anne Arundel county, a writ of *scire facias* on said judgment, and after two returns of *nihil*, a *fiat* was entered and execution issued to the appellee, Young, sheriff of Harford county, which was levied upon property acquired by the appellant, by his own industry, subsequently to his discharge under the insolvent laws.

The complainant further avers that he has never assumed or promised to pay said judgment since his final discharge,

and that he had no notice of the *scire facias* and subsequent proceedings thereunder, until his property was seized under the execution.

These averments are substantially admitted by the answer, and the question presented is, whether the complainant is entitled to the relief prayed.

A final discharge of an insolvent debtor releases him from all liabilities existing prior to his application. All the law requires is an honest dedication of his property to the payment of his debts, and this being done, it releases him from future liability on account thereof, in order that, thus unembarrassed, he may be encouraged to renewed efforts to gain a livelihood for himself and family. As the law stood prior to the adoption of the Code, the property acquired by an insolvent debtor ".by descent, gift, devise, bequest, or in a course of distribution," after his discharge, vested in his trustee, for the benefit of his creditors, and it was to the trustee and the trust fund alone that they were obliged to look for payment. It is clear, therefore, that his plea of *final discharge* would have constituted a bar to any further proceedings under the *scire facias.*

But it is contended that the two returns of *nihil,* operate as *constructive notice* to the insolvent, and that he is as much concluded by the *fiat judgment,* as if being summoned, he had waived his plea of discharge. To this we cannot agree. The object of the law in requiring a judgment to be revived by a *scire facias,* is to give the debtor an opportunity to plead his release or discharge, which is presumed by the lapse of three years. If he has been summoned, and a *fiat* is entered, he may be concluded, but if he has not been summoned, and no opportunity afforded him to plead his discharge, it would be manifestly unjust to deprive him of a defence which he was not allowed to make. In 2 *Tidd's Practice,* 1185, it is expressly laid down, that when a " party has a release or other matter which he might have pleaded to the *scire facias* in his discharge, and for want of pleading it, execution is awarded

upon a *scire feci* returned, he is estopped forever, and cannot, by any means, take advantage of that matter. But when execution is awarded on two *nihils* returned, he may relieve himself by *audita querela.*" *Sty. Rep.*, 281, 283; 1 *Salkeld,* 262; 4 *Mod.*, 314; 1 *Strange,* 197; 1 *Maule & Selwyn,* 199; 2 *Williams' Saunders,* 148, a *(note.)* An *audita querela,* was an equitable action invented for the purpose of relieving a defendant against a judgment or execution, where he had a good defence, but no opportunity of making it. 2 *William's Saunders,* 148; 3 *Black. Com.*, 405; *Job vs. Walker,* 3 *Md.*, 129. The question then resolves itself into this: had the appellant a good defence to the *scire facias,* and if so, had he an opportunity to make it?

It will be admitted that his discharge under the insolvent laws released *him* from all liability, on account of the judgment, and it is not pretended that he ever *promised* or *assumed* to pay the same since his discharge. It is clear then that he had a *valid legal defence* to the *scire facias.* If so, had he the means of taking advantage of or pleading the same? The *scire facias* was issued after the removal of the appellant to another county, and it is expressly averred in the bill that he had no knowledge of the proceedings thereunder, until the execution was levied upon his property by the sheriff of Harford county. How was it possible then for him to make his defence? The doctrine contended for by the appellee would defeat the whole policy of the insolvent laws, and put it in the power of the vigilant creditor to subject the insolvent debtor to the payment of a claim from which he had been released by law, and this too without allowing him an opportunity of pleading his defence. To a judgment of *fiat* rendered under such circumstances, a party would undoubtedly be entitled to relief, by an *audita querela* at common law, or by summary motion according to the practice in this State. *Job vs. Walker,* 3 *Md.*, 129. But whilst a party might in some cases obtain relief by a summary motion to strike out the judgment or to quash the execution if one should be issued, it is clear, as a

general rule, that such a proceeding would not afford a *full and adequate* remedy.

If the execution should be issued in vacation, the sheriff might execute the writ before the motion could be made and heard. It is no answer to say, that the debtor could move to quash the sheriff's return, because in the meantime the property has been sold and may be beyond the process of the Court. If then the party is entitled to relief, and has not a full and adequate remedy at law, he has the right to invoke the equitable jurisdiction of the Court. This was expressly decided in *Munnikuyson vs. Dorsett,* 2 *H. & G.,* 374. There a *scire facias* was issued on a judgment against the intestate, to which a voluntary appearance was entered for the administratrix, and against her a judgment of *fiat* by default was rendered. A motion was made by the administratrix to strike out the *fiat* judgment, on the ground that she had removed from the county before the *scire facias* was issued, that the appearance of the attorney was entered without her authority, and that she had no knowledge of the *scire facias* or subsequent proceedings thereunder, until they were made the foundation of a suit against her sureties on the administration bond. The motion was overruled because it appeared from the record that the appearance of the attorney was regularly entered, and also because the administratrix had applied to the Prince George's County Court, sitting in Equity, for an injunction to restrain further proceedings on the *fiat* judgment. The Court said, "the grievance complained of, is one against which the County Court, on its equity bench, is competent, not to say peculiarly fitted to relieve. The party has elected the tribunal from which she seeks redress; and there she should be left to obtain it."

Being satified that the appellant has a good and valid defence to the *scire facias,* which without any fault or *laches* on his part he has had no opportunity to make, and being without a full and adequate remedy at law, we think he was entitled to an injunction.

The order of the Court below dissolving the same and dismissing the bill of the appellant will therefore be reversed.

*Order reversed*
*and cause remanded.*

