Thomas J. Gorsuch *vs.* N. Thomas, and William A. Slade, Sheriff.

*Practice—Application for Injunction to Stay Execution on Judgment, when there is a Remedy in the Court where the Judgment was obtained.*

Judgment against G. was entered by confession in January, 1875, on terms to be filed. In March following, this judgment was extended for $195.39, with interest from date; and a note and account were then filed. In December, 1876, a credit of $37.20, and in December, 1879, another credit of $50 were entered on the judgment; and a *fi. fa.* was then issued for the balance, returnable to the March Term of Court, 1880. G. applied for an injunction to restrain the execution, on the ground that he had paid the amount of the account filed at the extension of the judgment, before the suit was brought, and that T., the plaintiff in the judgment, subsequently agreed, that he should have credit for that amount on the judgment; but that no such credit had been given. He also alleged that the two credits entered on the judgment were erroneous, as being for amounts less than were actually paid; and that there would be but a small amount, if anything at all, due on the judg-

Gorsuch *vs.* Thomas, and Slade, Sheriff.

ment, if the proper credits were given. He did not, however, state the amount of the credits to which he was entitled, or when the payments were made. It was not alleged that the judgment was obtained by fraud, or by such surprise or mistake of T. that, by the use of due diligence and proper attention to the case, G. could not have avoided it. HELD:

That G. was not entitled to relief in equity; that if G. were entitled to have additional credits entered on the judgment to those already given, he had his remedy by motion in the Court where the judgment was recovered, for a rule upon T. to show cause why such credits should not be allowed, and upon such rule the execution might be stayed till the facts were ascertained.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., MILLER, ALVEY, ROBINSON, IRVING, and STONE, J.

*Charles G. Fendall,* and *John G. Mitchell,* for the appellant.

The facts stated in the bill (they being admitted by the demurrer) show that the whole amount of the judgment which was sought to be enforced, had been discharged by payment in money, and by the production of the receipt which the appellee, Thomas, agreed and promised should be deducted from the amount of the judgment.

If, however, it does not appear, clearly, that the whole amount had been paid, the allegations of the bill are perfectly positive that the credits given are less than the amount paid, and that the credits appear as of dates long subsequent to the times of payment, thus charging the appellant interest for many months on sums of money which had been paid. The appellee, Thomas, thereby seeking to collect, by law, a greater amount than was

due him, and if it be contended that the judgment was a good judgment, the appellant submits that the attempt to collect *more* than was due upon it, is an inequitable use of the judgment, in which case equity will enjoin. *Garlick vs. McArthur,* 6 *Wis.,* 450; *Kerr's Equity,* 17.

And whether any one of the allegations, or all of them, as stated in the bill, be proved, and whether the whole amount of the judgment was paid, or the appellee, Thomas, by entries and credits, false and incorrect, as to amounts or dates, was attempting to collect a greater amount than was justly due on the judgment, the execution of the same, and enforcement of the legal right, would be against good conscience, when it is the peculiar province of equity to interpose. *Marine Insurance Co. vs. Hodgson,* 7 *Cranch,* 332.

*John T. Ensor,* for the appellees.

The judgment is correct as shown by the docket entries, which are made a part of this bill of complaint. Relief will not be granted when a party has knowingly acquiesced in the judgment complained of, or has been guilty of *laches* and unreasonable delay in seeking his remedy. The primary and preliminary question, in all cases of injunction to stay proceedings at law, after judgment, is, had the appellee, the complainant below, adequate relief and opportunity of defence at law, or was there a defence of which, without fault or negligence in himself, he could not avail at law, so that it is against conscience to execute the judgment sought to be enjoined. *Huston, et al. vs. Ditto,* 20 *Md.,* 324.

It is settled law in this State, that a Court of equity will not restrain the execution of a judgment unless it shall appear that the complainant has no valid defence of which he could not have availed himself at law, or of which he might have availed himself, but was prevented by mistake, surprise or fraud, unmixed with any fault or

negligence of his own. *Darling, et al. vs. Mayor and City Council of Baltimore City*, 51 *Md.*, 1; *Hill vs. Reifsnider, et al.*, 46 *Md.*, 555; *Webster vs. Hardesty, et al.*, 28 *Md.*, 592; *Suit vs. Creswell, et al.*, 45 *Md.*, 529; *Taylor and Wife vs. Sindall*, 34 *Md.*, 38; *Dorsey vs. Kyle, et al.*, 30 *Md.*; *Barnes vs. Dodge*, 7 *Gill*, 118; *Fowler vs. Lee*, 10 *G. & J.*, 358; *Prather vs. Prather*, 11 *G. & J.*, 110; *Windwart vs. Allen*, 13 *Md.*, 196; *Boyd, et al. vs. Ches. & Ohio Canal Co.*, 17 *Md.*, 211.

Where matter of discharge has happened since the judgment, and the defendant is in danger of, or actually under execution, he may have relief in a summary way. On motion for a rule to show cause, Courts will not put the parties to the trouble and expense of an equity proceeding where all the facts and equities of the matter can be enquired into, and relief granted in a summary way on motion. *Job vs. Walker*, 3 *Md.*, 129; *Shafer vs. Shafer*, 6 *Md.*, 518; *Huston, et al. vs. Ditto, et al.*, 20 *Md.*, 324.

When any part of the debt remains due, an injunction will not be granted to restrain the execution of a judgment. *Harris vs. Alcock*, 10 *G. & J.*, 226; *Hollingsworth's Adm'rs vs. Lloyd*, 2 *H. & G.*, 87.

To entitle a party to the aid of a Court of equity to restrain by injunction, the execution of a judgment rendered against him, it is incumbent upon him to allege in his bill, that it is against equity and good conscience that the judgment should be enforced. The bill in this case does not contain these necessary and essential allegations.

There must be a full and candid disclosure of all the facts within the knowledge of the complainant, on which his equities rest—there must be no concealment. *Johnson vs. Glenn and others*, 40 *Md.*, 200; *Ewing vs. Nickle, et al.*, 45 *Md.*, 413.

ALVEY, J., delivered the opinion of the Court.

The bill in this case was filed for an injunction to restrain execution on a judgment at law; and the question of the right to have the execution restrained, upon the allegations of the bill, is raised by a demurrer to the bill. The Court below sustained the demurrer, and dismissed the bill; and in so doing we find no error.

There is really nothing alleged on the face of the bill that could afford ground of relief by injunction. It is not alleged that the judgment at law was obtained by fraud, or by such surprise or mistake of the defendant, that, by the use of due diligence and proper·attention to the case, he could not have avoided. According to the short entries of the judgment, a copy of which is filed with the bill, the judgment was entered by *confession* in January, 1875, on terms to be filed. In March following this judgment was extended for $195.39, with interest from that date; and, according to the entries, a note and account were then filed, though copies of them have not been exhibited with the bill. In December, 1876, a credit of $37.20, and in December, 1879, another credit of $50, were entered on the judgment; and a *fi. fa.* was then issued for the balance, returnable to the March Term of Court, 1880. The appellant in his bill alleges that he had paid the amount of the account filed at the extension of the judgment, before the suit was brought, and that the plaintiff in the judgment subsequently agreed that he should have credit for that amount on the judgment; but that no such credit has been given. He also alleges that the two credits entered on the judgment are erroneous, as being for amounts less than were actually paid; and that there would be but a small amount, if anything at all, due on the judgment, if the proper credits were given. He fails, however, to state the amount of the credits to which he is entitled, or when the payments were made.

It is perfectly well settled, that if a party has a good defence at law, and neglects to avail himself of it there, in the proper way, and at the proper time, or if he suffers judgment to go against him by neglect, he can have no relief in a Court of equity. Nor does the mere fact of the discovery of evidence since the recovery at law form sufficient ground for an application to a Court of equity for relief; but there must be conscience, good faith, and due diligence shown, as a condition upon which such application will be entertained. Here, however, it is not pretended that the evidence, made the ground of the application in this case, could not have been produced and made available at law, by the use of proper care and diligence. To entertain such an application as the present would be altogether without precedent. 6 *Gill & J.*, 312; 20 *Md.*, 305.

But if the party be really entitled to have additional credits entered on the judgment to those already given, the remedy is very ample, and, at the same time, summary, by which full relief may be obtained. By motion in the Court where the judgment was recovered, a rule may be obtained upon the plaintiff to show cause why such credits shall not be allowed; and upon such rule the Court may stay the execution until the matter of the right to the credits claimed be fully investigated; and if it be found that the judgment is subject to credits not given, or that it has been satisfied, the Court may direct entries to be made accordingly. Formerly such relief was obtained by *audita querela,* but in modern practice it is obtained in a more summary way by motion. *Job vs. Walker,* 3 *Md.*, 129; *Shafer vs. Shafer,* 6 *Md.*, 518; *Huslon vs. Ditto,* 20 *Md.*, 320, 321; *U. S. vs. McLemore,* 4 *How.*, 286. With such remedy in the Court where the judgment was obtained, there can be no sort of propriety in coming to a Court of equity for relief.

We shall therefore affirm the decree appealed from, with costs to the appellees.

*Decree affirmed.*

(Decided 13th January, 1882.)