(Decided December 18th, 1894.)

## JOSEPH JONES *vs.* MATTHIAS GEORGE, Use of ANDREW J. THAWLEY.

*Motion to Quash Execution—Scire Facias on Judgment—Limitations— Payment.*

The remedy for any errors or irregularities in a *scire facias*, reviving a judgment, is the same as in the case of the original judgment.

The right to issue a *scire facias* on a judgment may be barred by limitations, but the statute must be specially pleaded.

Seventeen years after a judgment was rendered in the Circuit Court of Queen Anne's county, and after the defendant had removed from that county, a *scire facias* was issued reviving the judgment, and a *fieri facias* issued to the county of the defendant's residence. Defendant had no notice of the *scire facias* until after the execution was issued and then moved to quash the writ for several reasons, one of which was that the original judgment had been paid. *Held,* .

1st. That the defendant was entitled to have an opportunity to plead the Statute of Limitations to the original judgment.

2nd. That the execution should not be quashed on the motion, but a suspension of proceedings under it for a reasonable time should be ordered, so as to allow the defendant to move in the Circuit Court for Queen Anne's county to strike out the judgment of *fiat,* and for leave to plead to the *scire facias.*

Appeal from the Circuit Court for Caroline County.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, PAGE, ROBERTS and BOYD, JJ.

*George M. Russum* (with whom was *Henry R. Lewis*, on the brief), cited *Heaf v. Shulze*, 10 Ohio, 263 ; *Frank v. Levell*, 5 Robt. (N. Y.) 600 ; *Norris v. Graves*, 4 Strob. (S. C.) 32 ; *Bish v. Williar*, 59 Md. 388 ; *Bell v. Jones*, 32 Md. 332 ; *Burford v. McCue*, 53 Pa. St. 427 ; *Armstrong v. Durland*, 11 Kansas, 15 ; *Hanley v. Donoghue*, 59 Md. 243 ; *Harryman v. Roberts*, 52 Md. 75 ; *Starr v. Heckart*, 32 Md. 270 ; *Job v. Walker*, 3 Md. 129.

*John B. Brown* and *Edwin H. Brown*, for the appellee, cited 2 *Poe's Pldg. and Prac.*, secs. 11, 14, 450 ; *Campbell v. Booth*, 8 Md. 107 ; *Hall v. Clagett*, 63 Md. 60 ; *Union Bank v. Shriver*, 68 Md. 435 ; *Weaver v. Boggs*, 38 Md. 264 ; *Bowie v. Neal*, 41 Md. 134.

BRYAN, J., delivered the opinion of the Court.

A judgment was rendered for one hundred and forty-nine dollars and eighty-nine cents and cost, in favor of Matthias George against Joseph Jones and Thomas E. Meeds, in the Circuit Court for Queen Anne's County, on the third day of May, eighteen hundred and sixty-nine. George was styled "*M.*" George in the writ, and *Matthias* George in the declaration. On the twenty-sixth of November, eighteen hundred and sixty-nine, a *fieri facias* was issued on the judgment which was levied on certain personal property of the defendant, Meeds ; and on the twenty-third of May, eighteen hundred and seventy, the sheriff made return of the writ as follows: "Goods and chattels taken as per schedule, and on hand by order of plaintiff." So far as the record shows, no further steps have been taken under the *fieri facias.* On the second day of April, eighteen hundred and seventy-four, the plaintiff executed and filed in Court

a paper which purported to be an assignment of the judgment to Andrew J. Thawley. On the twentieth of January, eighteen hundred and eighty-seven, a writ of *scire facias* was issued to revive the judgment, and after two returns of *nihil*, judgment of *fiat executio* was in due course rendered on the fifth of May, eighteen hundred and eighty-seven. A writ of *fieri facias* was issued to the Sheriff of Caroline County. A motion to quash the writ was made by the defendant, Jones, and being overruled by the Court, this appeal was taken.

It is maintained by the appellant, that the original judgment was void, because it was rendered in favor of "M." George, and therefore did not identify the plaintiff with precision; also, that the *scire facias* judgment was void, on account of the invalidity of the original judgment; also, because of the unexecuted *fieri facias* already mentioned; also, because the original judgment had been paid; also, because the assignment was not for the whole judgment as an entirety; also, because there was not an inquiry of damages to ascertain the amount due on the original judgment; and also because the *scire facias* was issued after the lapse of more than seventeen years from the time the original judgment was due and payable. It was also alleged, that the *scire facias* judgment is void, because there was no notice to the defendants, and that they were prevented from having notice by the fact that John B. Brown, Esq., one of their attorneys in the original case, was one of the attorneys in the *scire facias* for the plaintiff. It is but just to say that the counsel for the appellant makes no imputation against Mr. Brown, and concedes that his action was entirely free from any improper motive or purpose. Mr. Brown testifies that when the *scire facias* was ordered, that he had no idea or recollection that he had ever had any connection with the case at any time; that there was no trial of the case, and that the probabilities are that he and the other attorney for the defendants (who is now deceased) were assigned under the rules which then prevailed. The record shows

that there was no contest in the case, and that judgment by default was rendered for failure to plead. . Mr. Brown also contends that whatever connection he had with defendants was terminated when the final judgment was rendered in the original case. The evidence clearly shows that both of the defendants were perfectly well aware of its rendition.

The Circuit Court for Queen Anne's County is a Court of general jurisdiction. It had jurisdiction of the cause, and of the parties when the original judgment was rendered, and therefore it cannot be void. If there was error or irregularity in the proceedings, they might have been set aside on application to that Court, or by appeal to this Court, provided the proper steps had been taken in due time. The *scire facias* judgment was rendered in the regular course of the Court, and according to established practice. The remedies for any errors supposed to exist are the same as in the case of the original judgment. The objections to these judgments, made by the appellant, cannot be heard and decided on the motion to quash the *fieri facias*. This is the settled law. We need refer only to a decision made on a motion to quash a writ of *venditioni exponas*, issued under a judgment on a *scire facias* which revived the original judgment. In *Hall* v. *Clagett*, 63 Maryland, 59, it was said: "A motion to quash an execution does not open an inquiry into supposed errors or irregularities involved in the rendition of the judgment; if there be such errors or irregularities they must be corrected by the proper proceeding for so doing taken in the particular case." In *Campbell* v. *Booth*, 8 Maryland, 113, a motion was made to quash a *scire facias*, because there was an outstanding *fieri facias* in full force when the writ of *scire facias* was issued; and secondly, because the judgment had been paid and satisfied. The Court held that these objections could be presented only by pleas, and that therefore the motion to quash ought to be overruled. The case came before the Court a second time in 15 Maryland, 569, and these defences being pleaded, it was decided that the pleas

were bars to the *scire facias.* These objections were identical with two of those which are made in this case. Since the decision in 15 Maryland it has been enacted by the Legislature that a plaintiff may have more than one execution outstanding at the same time. The *scire facias* might have been defeated by the plea of the Statute of Limitations. It has always been held in this State that this defence must be specially pleaded. The application of this rule of practice to writs of *scire facias* was recognized in *Mullikin* v. *Duvall,* 7 Gill. & Johnson, 355 ; a case which has been frequently cited and approved, and never questioned. We conclude that the appellant cannot, by a motion to quash, obtain the relief which he seeks. But he is not without remedy. In *Starr* v. *Heckart & Young,* 32 Md. 267, a judgment had been rendered against the appellant, who afterwards received his final discharge under the insolvent laws. After his discharge a writ of *scire facias* was issued on the judgment, and after two returns of *nihil,* a *fiat* was entered, and execution issued. It was shown that the appellant had never assumed to pay the judgment since his final discharge, and that he had no notice of the *scire facias* and the subsequent proceedings until his property was seized under the execution. The Court held that he was entitled to an injunction restraining the execution of the judgment. It was satisfied that he had a good and valid defence, and though without fault or laches, that he had had no opportunity to make it, and that he did not have a full and adequate remedy at law. It had been argued that the two returns of *nihil* operated as constructive notice to the judgment debtor, and that he was as much concluded by the *fiat* judgment as if he had been summoned, and had waived his plea of discharge. But the Court refused to adopt this suggestion, and said, " If he has been summoned and a *fiat* is entered, he may be concluded ; but if he has not been summoned and no opportunity afforded him to plead his discharge, it would be manifestly unjust to deprive him of a defence which he was not allowed to make. In 2 *Tidd's*

*Practice*, 1185, it is expressly laid down, that when a party has a release or other matter which he might have pleaded to the *scire facias* in his discharge, and for want of pleading it, execution is awarded upon a *scire faci* returned, he is estopped forever, and cannot, by any means, take advantage of that matter.    But when execution is awarded on two *nihils* returned, he may relieve himself by *audita querela.*" The *audita querela* has been superseded in modern practice by motion to the Court.    The Court said that this would not, as a general rule, afford a *full and adequate* remedy Yet, if the party chooses to adopt it in preference to a bill in equity for an injunction, we can conceive of no reason why he should not be at liberty to do so.    In the present case both of the defendants had removed from Queen Anne's County more than seventeen years before the issue of the *scire facias*, and we are satisfied that neither of them knew anything of it until after the execution was issued. The evidence is conflicting about the payment and satisfaction of the judgment, but there is no doubt that the original judgment is subject to the bar of the Statute of Limitations. Justice requires that the defendants should have an opportunity to plead these two defences.    The Court below was right in refusing to quash the execution, but it ought to have ordered a suspension of proceedings under it for a reasonable time, so as to allow the defendants an opportunity to move the Circuit Court for Queen Anne's County to strike out the judgments of *fiat*, and to give them leave to plead to the *scire facias*.    As we have heard the evidence in the case, there is no necessity that it should be heard again ; we are therefore of opinion that when this motion is made, the Court ought to strike out the judgments of *fiat*, and give the defendant leave to plead.

> *Order reversed and cause remanded*
> *for proceedings in accordance with*
> *this opinion.*

(Decided December 18th, 1894.)