## BALTIMORE CITY COURT.

Filed December 28, 1915.

### SAMUEL E. HILL
### VS.
### WILLIAM M. SCHLEY AND ELLA M. SCHLEY.

*Charles P. Coady* for Samuel E. Hill.
*William N. McFaul* for Ella M. Schley, now Ella M. Stone.

GORTER, J.—

This is a motion to strike out a judgment of fiat after two returns of nihil, and to quash the write of scire facias, issued on December 19th, 1908, upon which the judgment was based.

The grounds are, first, that at the time the scire facias was issued, notwithstanding the judgment certiorari was dead, the writ was issued in his name and not in the name of his personal representative as required by the statute; and second, that though the judgment was against two defendants and one was dead, the writ was issued against both instead of against the survivor.

The motion is made by the surviving defendants. Correctly the facts are these: Samuel E. Hill, on June 5, 1885, obtained a judgment in the City Court against William M. Schley and Ella M. Schley for $203.

On December 14, 1896, a judgment of fiat was entered after two returns of nihil.

On November 18, 1908, within 12 years after the rendition of the judgment of December 14, 1916, a scire facias was issued to revive said judgment, in the name of Samuel E. Hill, the original judgment creator against William M. Schley and Ella M. Schley, the original judgment debtors.

There was a return of nihil on this writ and on December 19, 1908, a second scire facias was issued, upon which likewise there was a return of nihil. On January 11, 1909, a fiat nisi was entered, and on February 8, 1909, a judgment of fiat was entered. It is this last judgment that has been attacked. First, because on November 18, 1908, when the first writ of scire facias was issued, Samuel E. Hill was dead, and no suggestion as to his death and no application to have his personal representative made a party was made, as authorized by the Act of 1890, ch. 114, Code, art. 26, sec. 20. Secondly, because when the scire facias, on November 18, 1908, was issued, William M. Schley was dead and no suggestion was made of his death. As to the first ground: It was decided in the case of Trail vs. Snouffer, 6 Md. 308, that a judgment of fiat upon a scire facias issued in the name of the legal plaintiff for the use of the equitable plaintiffs, is valid notwithstanding the legal plaintiff is dead at the time the fiat is entered. It is a defense that may be availed of on the return of the writ, but if not availed of the judgment of fiat stands. I do not know, for the report of the case does not disclose, whether the defendant was summoned in the above case or not. If not, then it seems that that case covers this. But if he were summoned, then the point made in this case would not necessarily be decided, and it remains open for decision.

Two other cases have been called to my attention by the counsel, who argued the case: Starr vs. Heckart, 32 Md. 267, and Jones vs. George, 80 Md. 294.

In the first an injunction was granted restraining an execution on a judgment of fiat after two nihils, where the defendant had been discharged under the insolvent laws, which would have been a complete defense to the judgment had he had an opportunity of making it. In the second case the Court sustained the position that a judgment of fiat obtained after two nihils should be stricken out so as to let in the defense of limitations when the original judgment was recovered 17 years before the scire facias was issued. The petition in this case fails to set up any defense to the scire facias; it is based solely upon the irregularity in the proceedings.

It seems to me that a motion of this character like a bill in equity is addressed to the sound discretion of the

Court, and unless the defendant, in her petition, shows she has some legal defense to the writ, such as insolvency or limitations, or payment, the Court ought not to act.

The motion to strike out the judgment and quash the writ will be denied.